UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

DOLCEZZA GELATO HOLDING LLC,
a District of Columbia limited liability company,

    Plaintiff,

v.

EQUITY CONSULTANTS, INC., a Florida
corporation, TF CAPITAL HOLDINGS, LLC,
a Florida limited liability company, AMDG1, LLC,
a Florida limited liability company, AMDG2, LLC,
a Florida limited liability company, and
STEVEN TABEEK, an individual,

    Defendants.
_____/

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATIONS OF ORIGIN, DECEPTIVE AND UNFAIR TRADE PRACTICES AND RELATED CLAIMS**

Plaintiff, DOLCEZZA GELATO HOLDING LLC, by its attorneys, Foley & Lardner LLP, for its Complaint against Defendants EQUITY CONSULTANTS, INC., TF CAPITAL HOLDINGS, LLC, AMDG1, LLC, AMDG2, LLC and STEVEN TABEEK, alleges as follows:

**NATURE OF THE ACTION**

1.    This is an action for trademark infringement under 15 U.S.C. § 1114(1), for use of false designations of origin under 15 U.S.C. § 1125(a); for unfair competition and trademark infringement under Florida common law; and for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*

## PARTIES AND JURISDICTION

2.     Plaintiff, DOLCEZZA GELATO HOLDING LLC ("DGH" or Plaintiff) is a limited liability company organized and existing under the laws of the District of Columbia, with its principal place of business located at 550 Peen Street, N.E. Suite 1, Washington, D.C. 20002. Plaintiff operates has been doing business under the trade name and trademark DOLCEZZA for more than a decade, since at least as early as 2004, and currently sells its artisan gelato products and related goods throughout the United States, including through retail store establishments in the District of Columbia and Virginia, via wholesale distributors, and over the internet through its on-line shop at http://dolcezzagelato.com/shop/.

3.     On information and belief, Defendant EQUITY CONSULTANTS, INC. ("Equity"), with a business address of 9801 Collins Avenue, #14P, Bal Harbour, Florida 33154, is listed as the organization that owns domain names containing the DOLCEZZA trademark, including <dolcezzamiami.com> and <dolcezaasweets.com>.

4.     Defendant TF CAPITAL HOLDINGS, LLC ("TF Capital") is a limited liability company organized and existing under the laws of the state of Florida, with its principal place of business located at 9801 Collins Avenue, #14P, Bal Harbour, Florida 33154. On information and belief, TF Capital is involved in the management and operation of Defendants' business conducted under the name DOLCEZZA.

5.     AMDG1, LLC, ("AMDG1") is a limited liability company organized and existing under the laws of the state of Florida, with its principal place of business located at 9801 Collins Avenue, #14P, Bal Harbour, Florida 33154. On information and belief, AMDG1 manages and/or operates Defendants' business conducted under the name DOLCEZZA. AMDG1 is the

listed owner of the fictitious name "Dolcezza," registered with the Florida Department of State, Division of Corporations, on or about September 24, 2014.

6. AMDG2, LLC, ("AMDG2") is a limited liability company organized and existing under the laws of the state of Florida, with its principal place of business located at 599 South Collier Boulevard, Suite 302, Marco Island, Florida 34145. On information and belief, AMDG1 manages and/or operates Defendants' business conducted under the name DOLCEZZA.

7. STEVEN TABEEK ("Tabeek") is *sui juris*, and resides and is a citizen of the state of Florida. On information and belief, Tabeek is the principal of Equity, and is a Manager of TF Capital, AMDG1 and AMDG2. Tabeek is also listed as the registrant who owns domain names containing the DOLCEZZA trademark, including <dolcezzamiami.com> and <dolcezaasweets.com>. On information and belief, Tabeek directs, controls participates in and has actual knowledge of the unlawful conduct alleged herein.

8. This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over the claims arising under the statutory and common law of the State of Florida pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy.

9. This Court has personal jurisdiction over the Defendants in this action because the Defendants are residents of the state of Florida, transact business in the state of Florida and because the causes of action set forth in this Complaint arose in this state.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because all Defendants are corporations and/or individuals who reside in the state of Florida, because all but

one of the Defendants reside in this judicial district and because a substantial part of the events giving rise to the claims herein occurred in this District.

## FACTS COMMON TO ALL COUNTS

### A. Plaintiff's Business, Trade Name and Trademarks

11. Plaintiff owns and operates gelato and coffee shops in Washington, D.C. and in Virginia, which sell, among other things, Plaintiff's nationally known artisanal gelato. Plaintiff also sells its gelato and related products wholesale to other businesses, retailers and other establishments. Continuously since at least as early as 2004, Plaintiff has used DOLCEZZA as its trade name or corporate identifier to sell its gelato and related products, and in connection with its retail and wholesale sales featuring gelato and related products. Plaintiff has acquired common law rights in DOLCEZZA through its use of that wording as a trade name to identify its business activities and to promote the source of its goods and services.

12. Continuously since at least as early as 2004, Plaintiff has used DOLCEZZA as a trademark to promote its goods and services featuring gelato and related products and services.

13. Plaintiff is the owner of a federal trademark registration for DOLCEZZA in stylized form, and also owns a pending federal trademark application for the word mark, DOLCEZZA. Accordingly, Plaintiff has acquired federal statutory rights in DOLCEZZA in connection with its business activities and to promote the source of its goods and services. A summary of Plaintiff's marks on file with the United States Patent and Trademark Office is shown in the chart below:

14.

| Mark | App./Reg. Number | Registration Date | Goods/Services | Status |
|---|---|---|---|---|
| *Dolcezza* | 4683354 | February 10, 2015 | Gelato, in Class 30<br><br>Retail store services featuring gelato; Wholesale store services featuring gelato, in Class 35 | Registered |
| DOLCEZZA | 86/618628 | | Gelato, in Class 30<br><br>Retail store services featuring gelato; Wholesale store services featuring gelato, in Class 35 | Pending |

15. Copies of Plaintiff's federal trademark registration and application are attached hereto as **Exhibit A.**

16. The marks identified in Paragraphs 12, 13 and 14 shall be referred to, collectively, as the "DOLCEZZA Marks."

17. Plaintiff is the owner of the DOLCEZZA Marks, and all of the goodwill subsisting therein. The DOLCEZZA Marks are currently in use and have been in use since at least as early as the dates of first use stated in the registration and application.

18. In addition to selling its gelato in its own shops and in farmer's markets, Plaintiff also sells freshly spun gelato at its Factory located at its corporate headquarters. Plaintiff also sells its products wholesale to other businesses and retailers and operates an on-line shop (http://dolcezzagelato.com/shop/) offering for sale and selling its gelato products over the internet.

19. Over the years, Plaintiff has received significant media attention and awards for its gelato since its inception, and it continues to receive such awards and media coverage. For example, Plaintiff was mentioned as "among the country's top artisanal ice cream makers," in

the *Wall Street Journal*; was featured in *Bon Appétit* magazine, and has been named as one of the country's best ice cream parlors by both *USA Today*, and *The View* on NBC.

20.  Plaintiff has spent substantial time, effort and resources in advertising and promoting the DOLCEZZA Marks throughout the United States. Plaintiff's gelato is currently sold at 45 Whole Foods markets in Kentucky, Ohio, Pennsylvania and New Jersey, and various states in between.

21.  As a result of its promotional efforts, sales and publicity, the DOLCEZZA Marks have gained national recognition.

**B. Defendants' Infringing Conduct**

22.  Defendants, like Plaintiff, own, operate and/or manage retail outlets that sell gelato products.

23.  Upon information and belief, on or about September of 2014, Defendants began operating their gelato business under the name DOLCEZZA. Defendants are using the name DOLCEZZA in connection with at least two retail locations, one in the Marriott Stanton Hotel in Miami Beach and the other at Marco Walk Plaza in Marco Island, Florida.

24.  On or about September 24, 2014, Defendant Tabeek, on behalf of defendant AMDG1, filed an application for registration of the fictitious name "DOLCEZZA." That application was granted, and AMDG1 is currently the listed owner of the fictitious name DOLCEZZA in the state of Florida. A copy of the fictitious name filing is attached hereto as **Exhibit B**.

25.  In addition to the retail locations, Defendants also own, operate and/or manage two domain names and a resulting website that incorporate the DOLCEZZA Marks. Specifically, on or about October 2, 2014, Defendant Tabeek, on behalf of Defendant Equity,

registered the domain name <dolcezzamiami.com>. Thereafter, on or about April 14, 2015, Defendant Tabeek, on behalf of Defendant Equity, registered the domain name <dolcezzasweets.com>. Copies of the WHOIS information for these domain names are attached hereto as **Composite Exhibit C**.

26. Both the <dolcezzamiami.com> and <dolcezzasweets.com> domain names resolve to the www.dolcezzasweets.com website. Among other related products, Defendants prominently promote their artisanal gelato products under the name DOLCEZZA on this website. See the "Our Gelato" section of website located at http://dolcezzasweets.com/about, a copy of which is attached hereto as **Exhibit D**.

27. Defendants commenced use of DOLCEZZA well after Plaintiff began using its DOLCEZZA Marks throughout the United States, and well after Plaintiff applied to federally register its DOLCEZZA marks (one of which has since been federally registered). Accordingly, Plaintiff has priority rights in its DOLCEZZA Marks.

28. The goods and services offered by Defendants under the name DOLCEZZA are identical or virtually identical to the goods and services identified in the Plaintiff's registration and application for the DOLCEZZA Marks, and the goods and services with which Plaintiff has used and continues to use the DOLCEZZA Marks. Indeed, according to Defendants' own website, "[h]ere at Dolcezza, we carry artisan flavors of the most decadent gelato around."

29. Defendants' trade name, DOLCEZZA, as applied to the goods and services they offer, is identical or nearly identical sound, appearance, connotation and overall commercial impression to Plaintiff's DOLCEZZA Marks.

30. Upon information and belief, Defendants adopted and commenced use of the mark DOLCEZZA, as described above, with knowledge and/or constructive notice of Plaintiff's

prior use and ownership of the DOLCEZZA Marks, and with knowledge and/or constructive notice of the substantial goodwill represented and symbolized by Plaintiff's marks.

31. Defendants' use of the DOLCEZZA Marks, without Plaintiff's authorization, is likely to cause confusion, to cause mistake, or to deceive the relevant public that Defendants, and their products and services originate from, or are authorized by, or are somehow affiliated with Plaintiff.

32. The result of Defendants' adoption and use of the name and mark DOLCEZZA, as described herein, has been to cause consumers and potential consumers of Plaintiff's goods and services to become confused as to the apparent relationship between the parties and the source of Defendants' goods and services.

## FIRST CAUSE OF ACTION

### [Trademark Infringement under 15 U.S.C. 1114(1)]

33. Plaintiff realleges and incorporates by reference Paragraphs 1 through 32 as though fully set forth herein.

34. Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant — use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant...".

35. Defendants' use in commerce of the trademark DOLCEZZA, in word and/or design form, is likely to cause confusion, or to cause mistake, or to deceive consumers and potential consumers as to the source of the respective parties' goods and/or services.

36. The foregoing conduct of Defendants constitute trademark infringement in violation of 15 U.S.C. §1114.

37. On information and belief, Defendants knew or should have known of Plaintiff's rights in the DOLCEZZA Marks and have knowingly, willfully and deliberately used the DOLCEZZA Marks in violation of Plaintiff's rights.

38. Plaintiff has no control over the quality of the goods and/or services offered by Defendants, and because of the likely confusion as to the source of the goods and/or services offered by Defendants, Plaintiff's valuable goodwill in its mark is likely to be damaged.

39. Defendants' use of the DOLCEZZA Marks constitutes direct, vicarious or contributory trademark infringement of Plaintiff's DOLCEZZA Marks.

40. Plaintiff has suffered and will continue to suffer damages as a result of Defendants' actions.

41. Plaintiff has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms and thus Plaintiff has no adequate remedy at law. Defendants' actions have irreparably damaged and harmed and threaten to continue damaging and harming Plaintiff. Defendants' actions will continue unless enjoined by this Court.

## SECOND CAUSE OF ACTION

**[False Designations of Origin Under 15 U.S.C. § 1125(a)]**

42. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 41 as though fully set forth herein.

43. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any

word, term, name, symbol . . . . or any false designation of origin . . . which is likely to cause confusion or to cause mistake, or to deceive as to affiliation . . . or as to origin, sponsorship, or approval of goods [or] services . . . shall be liable in a civil action."

44. The acts of Defendants alleged herein, including their unauthorized use in commerce of the trademark DOLCEZZA, is likely to cause confusion, to cause mistake, or to deceive the relevant public that Defendants and their products and services are authorized by or are affiliated with Plaintiff.

45. The above-described conduct of Defendants constitutes use of false designations of origin and false and misleading descriptions or representations that are likely to cause confusion, to cause mistake, or to mislead as to the affiliation, connection, or association of Defendants or their goods or services with Plaintiff and its goods and services in violation of 15 U.S.C. §1125(a).

46. On information and belief, Defendants knew or should have known of Plaintiff's rights in the DOLCEZZA Marks and have knowingly, willfully and deliberately used the DOLCEZZA Marks in violation of Plaintiff's rights.

47. Defendants' use of the DOLCEZZA Marks constitutes direct, vicarious or contributory false designation of origin and trademark infringement of Plaintiff's DOLCEZZA Marks.

48. Plaintiff has suffered and will continue to suffer damages as a result of Defendants' actions.

49. Plaintiff has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms and thus, Plaintiff has no adequate remedy at law. Defendants' actions have irreparably damaged and harmed and threaten to

continue damaging and harming Plaintiff. Defendants' actions will continue unless enjoined by this Court.

## THIRD CAUSE OF ACTION

**[Trademark Infringement and Unfair Competition under Florida Common Law]**

50. Plaintiff re-alleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. The acts of Defendants alleged herein, including their unauthorized use of the DOLCEZZA Marks, is likely to confuse and deceive consumers about the origin of Defendants' goods and services.

52. The foregoing conduct of Defendants constitutes infringement and misappropriation of Plaintiff's common law rights in its trademarks in violation of the common law of the State of Florida.

53. Defendants' acts constitute unfair competition from which Defendants have unlawfully benefitted.

54. On information and belief, Defendants' conduct was knowing, willful and deliberate.

55. Plaintiff has suffered and will continue to suffer damages as a result of Defendants' actions.

56. Plaintiff has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms and thus Plaintiff has no adequate remedy at law. Defendants' actions have irreparably damaged and harmed and threaten to continue damaging and harming Plaintiff. Defendants' actions will continue unless enjoined by this Court.

## FOURTH CAUSE OF ACTION

### [Deceptive and Unfair Trade Practices Under Fla. Stat. § 501.201 *et seq.*]

57. Plaintiff re-alleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58. Plaintiff and Defendants are commercial competitors.

59. Upon information and belief, by use of the mark DOLCEZZA, Defendants have made misleading representations as to the source of their goods and services, and as to their affiliation with Plaintiff.

60. Defendants have caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods and services through their unauthorized use of the mark DOLCEZZA.

61. Defendants have caused a likelihood of confusion or misunderstanding as to the affiliation, connection, or association with or certification by Plaintiff by using the mark DOLCEZZA without Plaintiff's authorization.

62. The conduct complained of herein constitutes unfair and deceptive trade practices under the Florida Deceptive and Unfair Trade Practices Act as defined in Fla. Stat. § 501.203(3)(a)-(c).

63. The conduct complained of herein constitutes unfair and deceptive trade practices in violation of Fla. Stat. § 501.201 *et seq.*

64. On information and belief, Defendants knew or should have known of Plaintiff's rights in the DOLCEZZA Marks and have knowingly, willfully and deliberately used the DOLCEZZA Marks in violation of the Florida Deceptive and Unfair Trade Practices Act.

65. By reason of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer irreparable harm including, but not limited to, detriment and diminution in the value of the DOLCEZZA Mark, and harm to its business reputation, for which there is no adequate remedy at law. Accordingly, Plaintiff is entitled to an injunction against Defendants, pursuant to Fla. Stat. § 501.211(1).

66. Plaintiff is aggrieved by Defendants' unlawful actions and has suffered and continues to suffer losses and Plaintiff is entitled to recover all actual damages sustained as a result of Defendants' actions, plus attorneys' fees and court costs, pursuant to Fla. Stat. § 501.211(2) and § 501.2105.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

1. Preliminarily and permanently enjoining Defendants, its agents, representatives, employees, assigns, and suppliers, and all persons acting in concert or privity with it, from using DOLCEZZA as a trade name and/or trademark and/or using other names or marks so similar to Plaintiff's DOLCEZZA Marks in a manner that is likely to cause confusion, to cause mistake, or from otherwise infringing Plaintiff's trademarks, or from competing unfairly with Plaintiff;

2. Directing the destruction of all infringing advertising, merchandise and molds and means of producing the same;

3. Awarding Plaintiff its damages and Defendants' profits derived by reason of the unlawful acts complained of herein as provided by law;

4. Awarding Plaintiff treble damages as provided by law;

5. Awarding Plaintiff reasonable attorneys' fees as provided by law;

6. Awarding costs of this action as provided by law;

7.   Awarding prejudgment and post-judgment interest at the maximum rate allowed by law, and

8.   Awarding such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury as to all issues so triable in this action.

Dated: July 31, 2015

          Respectfully submitted,

          FOLEY & LARDNER LLP
          One Biscayne Tower
          2 South Biscayne Boulevard
          Suite 1900
          Miami, Florida  33131
          Telephone:(305) 482-8400
          Facsimile: (305) 482-8600

By: *s/ Laura Ganoza*
     Laura Ganoza, Esq.
     Fla. Bar No. 0118532

*Attorneys for Plaintiff Dolcezza Gelato Holding LLC*